UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-20989-CIV-MOORE/McALILEY

**COLIN VEITCH,**
**VSM DEVELOPMENT, INC.**,

      Plaintiffs,

v.

**VIRGIN MANAGEMENT USA, INC.,**
**VIRGIN GROUP INVESTMENTS LTD.,**
**VIRGIN GROUP HOLDINGS LIMITED,**
**VIRGIN ENTERPRISES LIMITED,**
**VIRGIN CRUISES INTERMEDIATE LIMITED,**
**VIRGIN CRUISES LIMITED,**

      Defendants.
_____/

## DEFENDANTS' MOTION & MEMORANDUM OF LAW FOR ENTRY OF PROTECTIVE ORDER

Defendants move pursuant to Federal Rule of Civil Procedure Rule 26(c) for entry of their proposed Protective Order (Ex. A, attached ("Protective Order")) on the following grounds:

### MEMORANDUM OF LAW

Plaintiff Colin Veitch is a longtime cruise industry executive (Dkt. 26 at ¶¶ 12-13), and Plaintiff VSM Development, Inc. is his self-described "investment vehicle." (*Id.* at ¶ 120, n.16.) Plaintiffs allege that Defendants misappropriated their trade secrets in connection with Defendants' newly formed cruise business. Plaintiffs have served sweeping discovery requests, seeking highly confidential, commercially sensitive, and proprietary information about Defendants' future cruise business.

As is typical in trade secrets cases, Defendants seek a Protective Order governing the use of information produced in discovery that permits the designation of certain material as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" ("AEO"). This designation would be applied only if a party has a good faith belief that the material contains its most sensitive, competitive information, and would prevent the parties' business decision-makers from learning

confidential information that could be used competitively against the other parties. The parties would be able to freely review all other documents produced in this litigation. Plaintiffs have refused to accommodate this reasonable request.

Courts have broad discretion to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense" by issuing protective orders limiting the disclosure of "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1). Courts in this district routinely include, rely on, and enforce an AEO tier in protective orders. *See, e.g.*, *In re Pinchuk*, No. 13-cv-22857, 2014 WL 1745047, at *3 (S.D. Fla. Apr. 30, 2014) ("[A]ny concerns about confidentiality issues, including trade secrets, may be resolved via entry of a protective order" with an AEO tier); *In re Denture Cream Prods. Liability Litig.*, No. 09-md-2051, 2013 WL 214672, at *13 (S.D. Fla. Jan. 18, 2013) (denying motion to unseal AEO documents); *Pragmatus AV, LLC v. Citrix Sys, Inc.*, No. 11-cv-62484, 2012 WL 12094515 (S.D. Fla. July 18, 2012) (issuing order with AEO tier); *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1289 (S.D. Fla. 2005) (stating that AEO tier would protect "heavily guarded and extremely sensitive information"); *see also Quotron Sys., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992) ("Protective orders that limit access to certain documents to counsel and experts only are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information.").

Indeed, an AEO tier is particularly appropriate in this case because Plaintiffs themselves allege the Mr. Veitch is a cruise industry professional (Dkt. No. 26 at ¶¶ 12-13) and that the parties are competitors. (*Id.* at ¶¶ 198, 259.) As such, there is a real risk that Plaintiffs could learn sensitive, highly-confidential information about Defendants' plans for the cruise business and use it to compete with them in the future. Even if Plaintiffs promise not to use it for purposes other than this litigation, courts recognize that it is difficult for people to "compartmentalize" information in this way. *See Sony Computer Entm't Am., Inc. v. NASA Elecs. Corp.*, 249 F.R.D. 378, 382 (S.D. Fla. 2008) (approving AEO tier preventing access to employees with "a significant role in [relevant] decisions . . . [because] it might well be difficult for [them] to 'compartmentalize' the information [they] receive[] in the case at bar.").

Plaintiffs have sought the precise types of information that typically warrant AEO protection, including documents showing the capital structure of privately held corporations,

2

confidential licensing information, financial analysis and models, design information, private investor information, prospective business plans, and "all documents relating to discussions [with] any person . . . regarding proposals for Virgin to enter the cruise market in any capacity at any time." (RFP Nos. 3, 5–6, 10, 33–35, 40.). *In re Denture Cream Prods. Liability Litig.*, 2013 WL 214672, at *1, *3 (Materials warranting AEO protection include, *inter alia*, "design information, non-public financial information, pricing information, and certain study methodologies"); Fed. R. Civ. P. 26(c) (protection is warranted for "a trade secret or other confidential research, development, or commercial information"). While Plaintiffs acknowledge that "AEO designations often are appropriate in trade secrets cases," they have refused on three grounds. As explained below, none are persuasive.[1]

*First*, Plaintiffs contend that an AEO tier is unwarranted because "this is not a case where there are two businesses that are actively competing." But Plaintiffs' counsel refuses to confirm that Mr. Veitch will not work in the cruise industry in the near future. Instead, Plaintiffs' counsel admits that "it is a stretch to say that [he] is 'permanently retired.'" Thus, there is a risk that Mr. Veitch could cause grave harm to Defendants by using their confidential information when working with competitors as an employee or consultant in the future (or even in launching a new cruise business of his own). *Cf. Andrx Pharms., LLC v. GlaxoSmithKline, PLC*, 236 F.R.D. 583, 587 (S.D. Fla. 2006) (finding that plaintiff's in-house patent prosecutor was a competitive decision-maker who could not access confidential material where plaintiff did not give assurances that he would refrain from prosecuting related patents).

*Second*, Plaintiffs contend that "the types of information Virgin will be producing are exactly the same types of information that Mr. Veitch provided to Virgin three years ago." Defendants obviously do not contend that materials exchanged between the parties warrant AEO designation, and would not designate such materials. Plaintiffs, however, have served sweeping requests for information to which Mr. Veitch has never been privy, including, *inter alia*, prospective business plans, non-public financial and financing information, and sensitive design plans and schematics developed after Mr. Veitch and VMUSA terminated their discussions. Mr. Veitch is not entitled to access such information as a competitor of Defendants.

---

[1] Pursuant to the Local Rule 7.7(b), Defendants do not attach correspondence between counsel. Defendants will submit copies at the Court's request.

*Third*, Plaintiffs contend that because Mr. Veitch is an individual litigant he cannot permit "a few people in [his] organization" to review AEO information, and thus his counsel "will be unable to adequately represent Mr. Veitch or communicate with him if [he] cannot discuss all of the documents." These justifications have been rejected by other courts. In *Ganan v. Martinez Manufacturing, Inc.*, No. 02-cv-50412, 2003 WL 21938605 (N.D. Ill. Aug. 12, 2003), an individual plaintiff argued that he needed access to AEO documents to "explain to their counsel what the[] documents are and how they are relevant to th[e] litigation." *Id.* at *4. The court rejected that argument, holding that "[i]f Plaintiff's counsel does not know what the documents are, he can find out from a 30(b)(6) witness and he should be able to relate the documents to the litigation without Plaintiffs' help." *Id.*; *see also Sony*, 249 F.R.D. at 383 (entering protective order with AEO designation despite the potential "burden this places on outside counsel in terms of effective communication and representation of Plaintiff" because "the other alternative[s] . . . [are] less workable and an even greater hardship on Plaintiff as well as the Court.") Further, the proposed Protective Order allows the parties to retain experts to review AEO material and thus Plaintiffs' counsel has the option of engaging an independent expert if necessary. *See, e.g.*, *Biovail Labs. v. Abrika, LLLP*, No. 07-cv-61704, 2007 WL 788849, at *4 (S.D. Fla. March 14, 2007) (denying request to use former party employee and incipient fact witness as an expert witness with access to designated materials). *Cf. Andrx Pharms.*, 236 F.R.D. at 585 (rejecting plaintiff's argument that individual's "involvement as a consulting attorney" was "critical" because of his "extensive knowledge and background"). This would easily eliminate any hypothetical prejudice to Plaintiffs.

Moreover, the fact that Mr. Veitch is an individual litigant actually weighs in favor of an AEO tier. As the *Sony* court noted, "an 'attorneys' eyes only' designation, which is restricted to outside counsel" serves to "protect against . . . inadvertent, as well as intentional disclosures of highly confidential information." *Sony*, 249 F.R.D. at 383. If anything, the risk of inadvertent or intentional use of propriety information gathered in discovery is even more acute in the context of an individual like Mr. Veitch and a small company like VSM. This risk is especially high in this case given Mr. Veitch's counsel's claims that "there probably is nobody in the [cruise] industry with more expertise than Mr. Veitch" and he may re-enter that industry in the future. In other words, unlike the typical corporate defendant with many employees, there are no representatives from Plaintiffs who are uninvolved in relevant business decision making, and

4

thus unlikely to use discovery materials to advance competing business interests. Plaintiffs' alternative proposal fails to address Defendants' concerns that Mr. Veitch will learn information that he can later use to compete with them. They propose that "Mr. Veitch will not (1) view the materials outside the presence of counsel, (2) keep a copy of such materials, (3) discuss or disclose contents of the materials with any third parties, or (4) use the materials for any other purpose outside the prosecution of lawsuit." The reason competitive decision-makers cannot review highly sensitive material is because they cannot "compartmentalize" it later. *Sony Computer Entm't Am.*, 249 F.R.D. at 382. In other words, once he obtains the information, Mr. Veitch will be unable to "unring the bell" and unlearn it.

Regardless, Defendants' proposed Protective Order amply protects Plaintiffs from any theoretical prejudice. Defendants' counsel have represented that they will exercise restraint in using this designation to avoid any undue prejudice to Plaintiffs. To the extent there are disputes regarding Defendants' designations, the proposed Protective Order provides a mechanism for parties to meet and confer (and if need be seek relief from the Court) about the issue. *See* Exhibit A at ¶¶ 19-21. This mechanism is more than sufficient to balance Plaintiffs' desire to be fully informed regarding the facts of this case, with Defendants' concerns about the potential harm from granting a competitor access to highly proprietary information regarding their future business plans.

## CONCLUSION

Thus, Defendants respectfully request that the Court grant their motion and enter their proposed form of Protective Order which is attached as Exhibit A.

## CERTIFICATE OF PRE-FILING CONFERENCE

I, Janet T. Munn, Esq., counsel for Defendants, hereby certify that prior to filing the foregoing motion, I conferred with counsel for Plaintiffs, Jeffrey W. Gutchess, Esq., via electronic mail on May 11, 19, and 22 and in person on June 2, 2015, in a good faith effort to resolve this motion by agreement, but that the parties could not agree.

s/Janet T. Munn
Janet T. Munn

Dated: June 2, 2015	Respectfully submitted,

s/Janet T. Munn
Janet T. Munn (FBN 501281)
jmunn@rascoklock.com
**RASCO KLOCK PEREZ & NIETO PL**
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134
Telephone: 305.476.7101
Facsimile: 305.476.7102

*Counsel for Defendants*
*Virgin Management USA, Inc., Virgin Group*
*Investments Ltd., Virgin Group Holdings Limited,*
*Virgin Enterprises Limited,*
*Virgin Cruises Intermediate Limited and*
*Virgin Cruises Limited*

s/Claude M. Stern
Claude M. Stern*
Email: claudestern@quinnemanuel.com
Evette D. Pennypacker*
Email: evettepennypacker@quinnemanuel.com
**QUINN EMANUEL URQUHART &**
**SULLIVAN LLP**
555 Twin Dolphin Drive, Suite 500
Redwood Shores, CA 94065
Telephone: 650.801.5000
Telecopy: 650.801.5100


Marc Greenwald*
Email: marcgreenwald@quinnemanuel.com
**QUINN EMANUEL URQUHART &**
**SULLIVAN LLP**
51 Madison Avenue, 22nd Floor
New York, New York10010
Telephone: 212.849.700
Telecopy: 212.849.7100

*Admitted Pro Hac Vice

*Counsel for Defendants Virgin Management USA,*
*Inc., Virgin Group Investments Ltd., Virgin Group*
*Holdings Limited, and Virgin Enterprises Limited*

6

<u>s/ Dale Cendali</u>
s/ Dale Cendali
Dale Cendali, P.C.*
Email: dale.cendali@kirkland.com
Johanna Schmitt*
Email: johanna.schmitt@kirkland.com
Daniel Bond*
Email: dbond@kirkland.com
Phillip Hill*
Email: phil.hill@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
United States
Telephone: 212.446.4800
Fax: 212.446.4900

*\*Admitted Pro Hac Vice*

*Counsel for Defendants Virgin Cruises
Intermediate Limited and Virgin Cruises Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Jeffrey W. Gutchess, Esq.
Fla. Bar No.: 702641
jgutchess@bilzin.com
Daniel Tropin, Esq.
Fla. Bar No.: 100424
dtropin@bilzin.com
Brandon Rose, Esq.
Fla. Bar No.: 99984
brose@bilzin.com
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Avenue, 23rd Floor
Telephone: 305.350.7312
Facsimile: 305.351.2132

*Counsel for Plaintiffs*

By: s/Janet T. Munn
    Janet T. Munn