UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20989-CIV-MOORE/McALILEY

COLIN VEITCH,
VSM DEVELOPMENT, INC.,

      Plaintiffs,

v.

VIRGIN MANAGEMENT USA, INC.,
VIRGIN GROUP INVESTMENTS LTD.,
VIRGIN GROUP HOLDINGS LIMITED,
VIRGIN ENTERPRISES LIMITED,
VIRGIN CRUISES INTERMEDIATE LIMITED,
VIRGIN CRUISES LIMITED

      Defendants.

_____/

**THE VIRGIN MANAGEMENT DEFENDANTS' AMENDED
ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants Virgin Management USA, Inc. ("VMUSA"), Virgin Group Investments, Ltd. ("VGIL"), Virgin Group Holdings Limited ("VGHL"), and Virgin Enterprises Limited ("VEL") (collectively, the "Virgin Management Defendants"), by and through their attorneys, respond to Plaintiffs Colin Veitch and VSM Development, Inc.'s (collectively, "Plaintiffs") Second Amended Complaint (D.E. 128) with the following Amended Answer.

The Virgin Management Defendants object to Plaintiffs' improper, unilateral revisions to the Second Amended Complaint that contradict Plaintiffs' representations to the Court. Specifically, Plaintiffs did not file the proposed complaint attached to their Motion for Leave to File a Second Amended Complaint to Fix Scrivener's Errors. (D.E. 94, at 2.)  Instead, Plaintiffs

filed a *substantially different* Second Amended Complaint that included numerous new, substantive allegations.

The Virgin Management Defendants also deny each and every matter, allegation, or thing in the Second Amended Complaint except as may be affirmatively admitted herein. Moreover, while headings used by Plaintiffs in the Second Amended Complaint are contained herein for reference, to the extent that any of the heading constitute allegations of fact to which a response is required, the Virgin Management Defendants deny all the allegations contained in those headings.

## INTRODUCTION

The Second Amended Complaint begins with a seven-page "Introduction" that does not contain any numbered paragraphs which would allow the Virgin Management Defendants to respond on a paragraph-by-paragraph basis.  Nevertheless, in response to the "Introduction" in the Second Amended Complaint, the Virgin Management Defendants state as follows: (1) Plaintiffs purport to bring an action for misappropriation; (2) Plaintiffs refer to an alleged October 2011 video-taped message and an "expose" allegedly published by Tom Bower; (3) the Virgin Management Defendants deny Plaintiffs' allegations and characterizations of that alleged video-taped message and alleged "expose," and refer to the alleged video-taped message and "expose" for their contents; and (4) the Virgin Management Defendants otherwise deny each and every allegation set forth in this six-page "Introduction," including the footnotes therein.

## PARTIES

1.      The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and therefore deny them.

2.      The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and therefore deny them.

3.      The Virgin Management Defendants admit the allegations in this paragraph.

4.      The Virgin Management Defendants state that VGIL is a company registered and existing under the laws of the British Virgin Islands with a principal place of business in Craigmuir Chambers, PO Box 71, Road Town, Tortola, British Virgin Islands.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

5.      The Virgin Management Defendants state that VGHL is a company registered and existing under the laws of the British Virgin Islands with a principal place of business in Craigmuir Chambers, PO Box 71, Road Town, Tortola, British Virgin Islands.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

6.      The Virgin Management Defendants state that VEL is a company registered and existing under the laws of the United Kingdom with a principal place of business in The Battleship Building, 179 Harrow Road, London W2 6NB, United Kingdom.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

7.      The Virgin Management Defendants state that Virgin Cruises Intermediate Limited ("VCIL") is a company registered and existing under the laws of the Islands of Bermuda.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

8.      The Virgin Management Defendants state that Virgin Cruises Limited ("VCL") is a company registered and existing under the laws of the Islands of Bermuda.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

9.      The Virgin Management Defendants deny the allegations in this paragraph.

10.     The Virgin Management Defendants admit that VMUSA, as a party to a Non-Disclosure Agreement between VMUSA and Colin Veitch date March 11, 2011, agreed that "any action or proceeding seeking to enforce any provision of [that] Agreement or to resolve any

dispute arising out of or in connection with [that] Agreement shall be brought exclusively in a court located in either New York County, New York or Miami-Dade County, Florida." The Virgin Management Defendants deny the remaining allegations in this paragraph.

11.     The Virgin Management Defendants admit that VMUSA, as a party to a Non-Disclosure Agreement between VMUSA and Colin Veitch date March 11, 2011, agreed that "any action or proceeding seeking to enforce any provision of [that] Agreement or to resolve any dispute arising out of or in connection with [that] Agreement shall be brought exclusively in a court located in either New York County, New York or Miami-Dade County, Florida." The Virgin Management Defendants deny the remaining allegations in this paragraph.

## COLIN VEITCH

12.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

13.     The Virgin Management Defendants deny the allegations in the first sentence of this paragraph. The Virgin Management Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph at this time, and therefore deny them.

14.     The Virgin Management Defendants deny the allegations in this paragraph.

15.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

16.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

17.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

18.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

19.     The Virgin Management Defendants deny the allegations in this paragraph.

20.     The Virgin Management Defendants deny the allegations in the first sentence of this paragraph.  The Virgin Management Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and therefore deny them.

21.     The Virgin Management Defendants deny the allegations in the second sentence of this paragraph.  The Virgin Management Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph at this time, and therefore deny them.

22.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 22 of the Second Amended Complaint and refer to the Travel Weekly article referenced therein, available at http://www.travelweekly.com/Cruise-Travel/N-Y-debut-caps-Norwegian-Epic-s-long-journey-to-completion, for  its contents.

23.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 23 of the Second Amended Complaint and refer to the article referenced therein for its contents.

## THE "ULTRA SHIPS" BUSINESS PLAN

24.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

25.     The Virgin Management Defendants deny the allegations in this paragraph.

26.     The Virgin Management Defendants deny the allegations in this paragraph.

27.     The Virgin Management Defendants deny the allegations in this paragraph.

28.     The Virgin Management Defendants deny the allegations in this paragraph.

29.     The Virgin Management Defendants deny the allegations in this paragraph.

30.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 30 of the Second Amended Complaint, including the footnote referenced there, and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

### A.     Profits & Return on Investment

31.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 31 of the Second Amended Complaint, including the footnote referenced there, and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

32.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 32 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

33.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 33 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

34.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 34 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

35.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 35 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

### B.     Branding & New Customers

36.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 36 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

37.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 37 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

**C.     Breaking the Barriers to Entry**

38.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 38 of the Second Amended Complaint, including the footnote referenced therein, and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

39.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 39 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

40.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 40 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

41.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 41 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

42.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 42 of the Second Amended Complaint and refer to the document attached as Exhibit A to the Second Amended Complaint for its contents.

**ALLEN & COMPANY**

43.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

44.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

45.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

46.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

**VIRGIN GROUP**

47.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

48.     The Virgin Management Defendants admit that the website http://www.virgin.com/discover-virgin states: "Virgin is a leading international investment group and one of the world's most recognised and respected brands. Conceived in 1970 by Sir Richard Branson, the Virgin Group has gone on to grow successful businesses in sectors ranging from mobile telephony, travel, financial services, leisure, music, holidays and health & wellness." The Virgin Management Defendants otherwise deny the allegations and characterizations in paragraph 48 of the Second Amended Complaint and refer to referenced website for its contents.

49.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 49 of the Second Amended Complaint and refer to the Motion to Dismiss filed on April 17, 2015 (D.E. 25) for its contents.

50.     The Virgin Management Defendants admit the allegations in this paragraph.

51.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 51 of the Second Amended Complaint and refer to the Financial Times Article referenced in footnote 9 for its contents.

52.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 52 of the Second Amended Complaint and refer to the Guardian article referenced in footnote 10 for its contents.

8

53.     The Virgin Management Defendants deny the allegations in this paragraph.

54.     The Virgin Management Defendants deny the allegations in this paragraph.

55.     The Virgin Management Defendants deny the allegations in this paragraph.

56.     The Virgin Management Defendants deny the allegations in this paragraph.

57.     The Virgin Management Defendants deny the allegations in this paragraph.

**Virgin Management – USA & Limited**

58.     The Virgin Management Defendants deny the allegations in this paragraph.

59.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 59 of the Second Amended Complaint and refer to the LinkedIn Page for VMUSA, https://www.linkedin.com/company/virgin-usa, for its contents.

60.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 60 of the Second Amended Complaint and refer to the LinkedIn Page for Mr. Jonathan Peachey, https://www.linkedin.com/in/jonpeachey, for its contents.

61.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 61 of the Second Amended Complaint and refer to the LinkedIn Page for Mr. Jonathan Peachey, https://www.linkedin.com/in/jonpeachey, for its contents.

62.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 62 of the Second Amended Complaint and refer to the alleged November 23, 2009 letter referenced therein for its contents.

63.     The Virgin Management Defendants deny the allegations in this paragraph.

64.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 64 of the Second Amended Complaint and refer to the LinkedIn Page for Mr. Anthony Marino, https://www.linkedin.com/pub/anthony-marino/1/332/939, for its contents.

65.     The Virgin Management Defendants deny the allegations in this paragraph.

## THE NONDISCLOSURE AGREEMENT

66.     The Virgin Management Defendants state that before meeting Plaintiffs, representatives of the Virgin Management Defendants have explored the possibility of entering the cruise industry for many years.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

67.     The Virgin Management Defendants state that before meting Plaintiffs, representatives of the Virgin Management Defendants have explored the possibility of purchasing used ships, building new ships, and partnering with existing cruise lines on new business ventures.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

68.     The Virgin Management Defendants admit that in December 2010, Mr. Veitch met with Mr. Anthony Marino.   The Virgin Management Defendants deny the remaining allegations in this paragraph.

69.     The Virgin Management Defendants deny the allegations in this paragraph.

70.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 70 of the Second Amended Complaint and refer to the alleged February 17, 2011 letter referenced therein for its contents.

71.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 71 of the Second Amended Complaint and refer to the alleged email referenced therein for its contents.

72.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 72 of the Second Amended Complaint and refer to the alleged Non-Disclosure agreement referenced therein for its contents.

73. The Virgin Management Defendants state that on or around March 11, 2011, Mr. Veitch met with Mr. Anthony Marino and Mr. Nirmal Saverimuttu in New York City. The Virgin Management Defendants deny the remaining allegations in this paragraph.

74. The Virgin Management Defendants deny the allegations in this paragraph, and as the Court explained in its Order on the Virgin Management Defendants' Motion to Dismiss, (D.E. 93), as a matter of law the NDA is only binding on Mr. Veitch and VMUSA.

75. The Virgin Management Defendants deny the allegations in this paragraph.

76. The Virgin Management Defendants deny the allegations in this paragraph.

77. The Virgin Management Defendants admit the allegations in this paragraph.

78. The Virgin Management Defendants deny the allegations in this paragraph.

79. The Virgin Management Defendants deny the allegations in this paragraph.

80. The Virgin Management Defendants state that on or around April 2011, Mr. Veitch met with Mr. Anthony Marino and Mr. Nirmal Saverimuttu in New York City. The Virgin Management Defendants deny the remaining allegations in this paragraph.

81. The Virgin Management Defendants deny the allegations in this paragraph.

82. The Virgin Management Defendants state that on or around April 2011, Mr. Veitch met with Mr. Anthony Marino and Mr. Peter Norris in Miami. The Virgin Management Defendants deny the remaining allegations in this paragraph.

83. The Virgin Management Defendants deny the allegations and characterizations in paragraph 83 of the Second Amended Complaint and refer to the LinkedIn Page for Mr. Peter Norris, https://www.linkedin.com/pub/peter-norris/28/843/69a, for its contents.

84. The Virgin Management Defendants deny the allegations in this paragraph.

85.     The Virgin Management Defendants deny the allegations in this paragraph, including the footnote referenced therein.

## THE VEITCH-VIRGIN AGREEMENT

86.     The Virgin Management Defendants deny the allegations in this paragraph.  The Virgin Management Defendants state that instead of ever coming "to an agreement as to the essential terms between [Mr. Veitch and the Virgin Management Defendants] for the proposed venture," as Plaintiffs' counsel confirmed in writing on July 27, 2012:  "The proposed business venture … was not formed, and is not proceeding, because of conflicting views, and a failure to agree, on terms and conditions proposed by [VMUSA] *before* the then intended formation of the proposed venture between [Veitch] and [VMUSA]."  *See* Exhibit A, Letter from Axelrod to Thompson, attached hereto.  Mr. Veitch confirmed this same fact in writing on August 7, 2012: "the reason the proposed business venture between my company, VSM Development, Inc., and me (collectively, 'VSM') and Virgin Group, USA, Inc. and its affiliates, including Virgin Group Investments Limited (collectively, 'Virgin Group') did not proceed was because of the conflict as to the terms and conditions proposed by Virgin Group …"  *See* Exhibit B, Letter from Veitch to Fried Frank, attached hereto.

87.     The Virgin Management Defendants deny the allegations in this paragraph.

88.     The Virgin Management Defendants deny the allegations in this paragraph.

**A.      The Promote and Licensing Fee**

89.     The Virgin Management Defendants deny the allegations in this paragraph, including the footnote referenced therein.

90.     The Virgin Management Defendants deny the allegations in this paragraph.

91.     The Virgin Management Defendants deny the allegations in this paragraph.

B.    **The Daily Negotiations**

92.    The Virgin Management Defendants state that on or around May 17, 2011, Mr. Veitch met with Mr. Anthony Marino and Mr. Nirmal Saverimuttu in New York City.   The Virgin Management Defendants deny the remaining allegations in this paragraph.

93.    The Virgin Management Defendants deny the allegations in this paragraph.

94.    The Virgin Management Defendants deny the allegations in this paragraph.

95.    The Virgin Management Defendants deny the allegations in this paragraph.

96.    The Virgin Management Defendants deny the allegations in this paragraph.

97.    The Virgin Management Defendants deny the allegations in this paragraph.

98.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 98 of the Second Amended Complaint and refer to the alleged May 18, 2011 email referenced therein for its contents.

99.    The Virgin Management Defendants admit the allegations in this paragraph.

100.    The Virgin Management Defendants deny the allegations in this paragraph.

101.    The Virgin Management Defendants deny the allegations in this paragraph.

102.    The Virgin Management Defendants deny the allegations in this paragraph, including the footnote referenced therein.

103.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 103 of the Second Amended Complaint and refer to the alleged May 19, 2011 email referenced therein for its contents.

104.    The Virgin Management Defendants deny the allegations in this paragraph.

105.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 105 of the Second Amended Complaint and refer to the May 19, 2011 email referenced therein and attached as Exhibit C to the Second Amended Complaint for its contents.

106.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 106 of the Second Amended Complaint and refer to the May 20, 2011 email referenced therein and attached as Exhibit C to the Second Amended Complaint for its contents.

107.    The Virgin Management Defendants deny the allegations in this paragraph.

108.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 108 of the Second Amended Complaint and refer to the May 20, 2011 email referenced therein and attached as Exhibit C to the Second Amended Complaint for its contents.

109.    The Virgin Management Defendants deny the allegations in this paragraph.

110.    The Virgin Management Defendants deny the allegations in this paragraph.

111.    The Virgin Management Defendants deny the allegations in this paragraph.

112.    The Virgin Management Defendants state that at all times both Plaintiffs and the Virgin Management Defendants understood that any and all potential terms the parties discussed were subject to future negotiation.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

113.    The Virgin Management Defendants deny the allegations in this paragraph.

114.    The Virgin Management Defendants deny the allegations in this paragraph.

115.    The Virgin Management Defendants deny the allegations in this paragraph.

116.    The Virgin Management Defendants deny the allegations in this paragraph, including the footnote referenced therein.

117.    The Virgin Management Defendants deny the allegations in this paragraph.

118.    The Virgin Management Defendants deny the allegations in this paragraph.

119.    The Virgin Management Defendants deny the allegations in this paragraph.

120.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 120 of the Second Amended Complaint and refer to the alleged documents referenced therein for their contents.

121.    The Virgin Management Defendants deny the allegations in this paragraph.

**PARTNERS AND JOINT VENTURERS**

122.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 122 of the Second Amended Complaint and refer to Exhibit C of the Second Amended Complaint for its contents.

123.    The Virgin Management Defendants deny the allegations in this paragraph.

124.    The Virgin Management Defendants deny the allegations in this paragraph, including the footnote referenced therein.

125.    The Virgin Management Defendants deny the allegations in this paragraph.

126.    The Virgin Management Defendants deny the allegations in this paragraph.

127.    The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

128.    The Virgin Management Defendants deny the allegations in this paragraph.

129.    The Virgin Management Defendants deny the allegations in this paragraph.

130.    The Virgin Management Defendants deny the allegations in this paragraph.

131.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 131 of the Second Amended Complaint and refer to the alleged documents referenced, including the footnote referenced therein, for their contents.

132.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 132 of the Second Amended Complaint and refer to the alleged documents referenced therein for their contents.

## DEVELOPMENT OF THE VIRGIN ULTRA SHIP

133.     The Virgin Management Defendants admit that Meyer Werft, GmbH worked on a general arrangement plan for a cruise ship in or around August 2011.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

134.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

135.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

136.     The Virgin Management Defendants admit that on or around September, 2011, a meeting was held in London with Mr. Veitch and a number of other third-parties to discuss the potential design and development of a cruise ship.  The Virgin Management Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph at this time, and therefore deny them.

137.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 137 of the Second Amended Complaint and refer to the Letter of Intent referenced therein and attached as Exhibit D to the Second Amended Complaint for its contents.

138.     The Virgin Management Defendants deny the allegations in this paragraph.

## DEBT FINANCING

139.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

16

140.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

141.     The Virgin Management Defendants admit that on or around October, 2011, a meeting was held at which representatives of VMUSA, Mr. Veitch, representatives of KfW, and Bernard Meyer were present.   The Virgin Management Defendants deny the remaining allegations in this paragraph.

142.     The Virgin Management Defendants deny the allegations in this paragraph.

143.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

144.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 144 of the Second Amended Complaint and refer to the Letter of Interest referenced therein and attached as Exhibit E to the Second Amended Complaint for its contents.

145.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 145 of the Second Amended Complaint and refer to the Letter of Interest referenced therein and attached as Exhibit E to the Second Amended Complaint for its contents.

**THE EQUITY FINANCING**

146.     The Virgin Management Defendants deny the allegations in this paragraph.

147.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

148.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

149.     The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

17

150.    The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

151.    The Virgin Management Defendants state that between November 2011 and April 2012, representatives of VMUSA provided revisions to a management presentation and teaser related to the potential development of a cruise ship business.   The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

152.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 152 of the Second Amended Complaint and refer to the alleged documents referenced therein for their contents.

153.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 153 of the Second Amended Complaint and refer to the alleged documents referenced therein for their contents.

154.    The Virgin Management Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph at this time, and therefore deny them.

155.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 155 of the Second Amended Complaint and refer to the document referenced therein and attached as Exhibit F to the Second Amended Complaint for its contents.

156.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 156 of the Second Amended Complaint and refer to the document referenced therein and attached as Exhibit F to the Second Amended Complaint for its contents.

157.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 157 of the Second Amended Complaint and refer to the document referenced therein and attached as Exhibit F to the Second Amended Complaint for its contents.

158.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 158 of the Second Amended Complaint and refer to the document referenced therein and attached as Exhibit F to the Second Amended Complaint for its contents.

159.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 159 of the Second Amended Complaint and refer to the document referenced therein and attached as Exhibit F to the Second Amended Complaint for its contents.

160.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 160 of the Second Amended Complaint and refer to the document referenced therein and attached as Exhibit G to the Second Amended Complaint for its contents.

161.    The Virgin Management Defendants deny the allegations in this paragraph.

**THE IDENTITY OF THE VIRGIN PARTNERS AND VIRGIN PRINCIPALS**

162.    The Virgin Management Defendants deny the allegations in this paragraph.

163.    The Virgin Management Defendants deny the allegations in this paragraph.

164.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 164 of the Second Amended Complaint and refer to the slide referenced and pasted therein for its contents.

165.    The Virgin Management Defendants deny the allegations in this paragraph.

166.    The Virgin Management Defendants deny the allegations in this paragraph.

167.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 167 of the Second Amended Complaint and refer to the alleged email referenced therein for its contents.

168.     The Virgin Management Defendants deny the allegations in this paragraph.

169.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 169 of the Second Amended Complaint and refer to the alleged letter referenced therein for its contents.

170.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 170 of the Second Amended Complaint and refer to the alleged letter referenced therein for its contents.

171.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 171 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

172.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 172 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

173.     The Virgin Management Defendants deny the allegations in this paragraph.

174.     The Virgin Management Defendants deny the allegations and characterizations in paragraph 174 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

175.     The Virgin Management Defendants deny the allegations in this paragraph.

176.     The Virgin Management Defendants deny the allegations in this paragraph.

177.     The Virgin Management Defendants deny the allegations in this paragraph.

178.     The Virgin Management Defendants state that on or around December 2, 2011, Mr. Veitch made a presentation to certain representatives of the Virgin Management Defendants

in London.   The Virgin Management Defendants deny the remaining allegations in this paragraph.

179.   The Virgin Management Defendants deny the allegations and characterizations in paragraph 179 of the Second Amended Complaint and refer to the website referenced therein, http://www.virgincare.co.uk/staff/patrick-mccall/, for its contents.

180.   The Virgin Management Defendants deny the allegations and characterizations in paragraph 180 of the Second Amended Complaint and refer to the website referenced therein, https://www.linkedin.com/pub/nick-fox/58/b36/895, for its contents.

181.   The Virgin Management Defendants deny the allegations and characterizations in paragraph 181 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

182.   The Virgin Management Defendants deny the allegations in this paragraph.

183.   The Virgin Management Defendants deny the allegations in this paragraph.

184.   The Virgin Management Defendants state that in or around November 2011, a potential cruise venture was discussed by certain representatives of the Virgin Management Defendants during a retreat at Necker Island.   The Virgin Management Defendants deny the remaining allegations in this paragraph.

185.   The Virgin Management Defendants deny the allegations in this paragraph.

186.   The Virgin Management Defendants deny the allegations and characterizations in paragraph 186 of the Second Amended Complaint and refer to the alleged video referenced therein for its contents.

187.   The Virgin Management Defendants deny the allegations in this paragraph.

188.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 188 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

189.    The Virgin Management Defendants deny the allegations in this paragraph.

190.    The Virgin Management Defendants deny the allegations in this paragraph.

191.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 191 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

192.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 192 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

193.    The Virgin Management Defendants deny the allegations in this paragraph.

194.    The Virgin Management Defendants deny the allegations in this paragraph.

195.    The Virgin Management Defendants deny the allegations in this paragraph.

196.    The Virgin Management Defendants deny the allegations in this paragraph.

197.    The Virgin Management Defendants deny the allegations in this paragraph.

198.    The Virgin Management Defendants deny the allegations in this paragraph.

199.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 199 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

200.    The Virgin Management Defendants deny the allegations and characterizations in the first sentence of paragraph 200 of the Second Amended Complaint and refer to the NDA attached as Exhibit B to the Second Amended Complaint for its contents.   The Virgin

Management Defendants further deny the allegations and characterizations in the second sentence of paragraph 200 of the Second Amended Complaint and refer to the alleged June 8, 2012 letter referenced therein for its contents.   The Virgin Management Defendants admit that on or around June 29, 2012, VMUSA wrote a letter to Plaintiffs' counsel stating that VMUSA would abide by the terms of the NDA attached as Exhibit B to the Second Amended Complaint. The Virgin Management Defendants deny the remaining allegations in this paragraph.

201.    The Virgin Management Defendants deny the allegations in this paragraph.  In fact, in recent sworn interrogatory responses Plaintiffs admitted that instead of "implement[ing] a plan to keep going with Mr. Veitch's exact same plan [sic]," the Virgin Management Defendants "have sought to design a different ship that the one Mr. Veitch had designed," and also did not "use Mr. Veitch's financial model."   *See* Exhibit C, Excerpt from Plaintiffs' Supplemental Answers to Defendant Virgin Management USA, Inc.'s First Set of Interrogatories, attached hereto.

202.    The Virgin Management Defendants deny the allegations in this paragraph.

203.    The Virgin Management Defendants deny the allegations in this paragraph.

204.    The Virgin Management Defendants deny the allegations in this paragraph.

205.    The Virgin Management Defendants deny the allegations in this paragraph.

206.    The Virgin Management Defendants deny the allegations in this paragraph.

207.    The Virgin Management Defendants deny the allegations in this paragraph, including the footnote referenced therein.

208.    The Virgin Management Defendants deny the allegations in this paragraph.

209.    The Virgin Management Defendants deny the allegations in this paragraph.

210.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 210 of the Second Amended Complaint and refer to the alleged document referenced therein for its contents.

211.    The Virgin Management Defendants deny the allegations in this paragraph.

212.    The Virgin Management Defendants deny the allegations in this paragraph.

213.    The Virgin Management Defendants state that Nirmal Saverimuttu is currently the Chief Commercial Officer of Virgin Cruises Intermediate Limited.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

214.    The Virgin Management Defendants state that Tom McAlpin is currently the Chief Executive Officer of Virgin Cruises Intermediate Limited.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

215.    The Virgin Management Defendants deny the allegations in this paragraph.

216.    The Virgin Management Defendants deny the allegations in this paragraph.

217.    The Virgin Management Defendants deny the allegations in this paragraph.

218.    The Virgin Management Defendants deny the allegations in this paragraph.

**VIRGIN ANNOUNCES THE NEW VIRGIN CRUISES**

219.    The Virgin Management Defendants deny the allegations in this paragraph.

220.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 220 of the Second Amended Complaint and refer to the Sky News Report referenced therein,  available  at  http://news.sky.com/story/1218963/bransons-virgin-to-pilot-new-cruises-venture, for  its contents.

221.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 221 of the Second Amended Complaint and refer to the alleged magazine article referenced therein for its contents.

222.    The Virgin Management Defendants state that on or around August 2014, Virgin Cruises Limited was formed, and on or around September 2014, Virgin Cruises Intermediate Limited was formed.  The Virgin Management Defendants state that the shareholders of Virgin Cruises Limited include, among others, private equity, sovereign wealth and family offices.  The Virgin Management Defendants deny the remaining allegations in this paragraph.

223.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 223 of the Second Amended Complaint and refer to the alleged press release referenced therein for its contents.

224.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 224 of the Second Amended Complaint and refer to the Sky News Report referenced therein, available at http://www.miamiherald.com/living/travel/cruises/article4283117.html, for its contents.

225.    The Virgin Management Defendants deny the allegations and characterizations in paragraph 225 of the Second Amended Complaint and refer to the alleged article referenced therein for its contents.

226.    The Virgin Management Defendants deny the allegations in this paragraph.

## COUNT I
## BREACH OF CONTRACT
### (Against VMUSA)[1]

227.    VMUSA incorporates by reference its response to paragraphs 24 to 208.

228.    VMUSA states that on or about March 11, 2011, it entered into the NDA with Mr. Veitch.  VMUSA denies the remaining allegations in this paragraph.

---

[1]  The Court dismissed Count I of the Second Amended Complaint as to VGIL, VGHL, and VEL, (*see* D.E. 93), and accordingly no response from VGIL, VGHL, and VEL is required.

229.    VMUSA denies the allegations in this paragraph.

230.    VMUSA denies the allegations in this paragraph.

231.    VMUSA denies the allegations in this paragraph.

232.    VMUSA denies the allegations in this paragraph.

233.    VMUSA denies the allegations and characterizations in paragraph 233 of the Second Amended Complaint and refers to the NDA attached as Exhibit B to the Second Amended Complaint for its contents.

234.    VMUSA denies the allegations in this paragraph.

235.    VMUSA denies the allegations in this paragraph.

236.    VMUSA denies the allegations in this paragraph.

237.    VMUSA denies the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, VMUSA denies the allegations in that paragraph and denies that any relief is appropriate.

## COUNT II
## BREACH OF CONTRACT FOR INJUNCTION
### (Against VMUSA)[2]

238.    VMUSA incorporates by reference its response to paragraphs 24 to 208.

239.    VMUSA states that on or about March 11, 2011, it entered into the NDA with Mr. Veitch.  VMUSA denies the remaining allegations in this paragraph.

240.    VMUSA denies the allegations in this paragraph.

241.    VMUSA denies the allegations in this paragraph.

---

[2]  The Court dismissed Count II of the Second Amended Complaint as to VGIL, VGHL, and VEL, (*see* D.E. 93), and accordingly no response from VGIL, VGHL, and VEL is required.

242.    VMUSA denies the allegations in this paragraph.

243.    VMUSA denies the allegations and characterizations in paragraph 243 of the Second Amended Complaint and refers to the NDA attached as Exhibit B to the Second Amended Complaint for its contents.

244.    VMUSA denies the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, VMUSA denies the allegations in that paragraph and denies that any relief is appropriate.

## COUNT III
## MISAPPROPRIATION
### (Against VMUSA, VGIL, VGHL, VEL, VGL and Virgin Cruises)

245.    The Virgin Management Defendants incorporate by reference their response to paragraphs 24 to 208.

246.    The Virgin Management Defendants incorporate by reference their response to all prior paragraphs in the Second Amended Complaint.

247.    The Virgin Management Defendants deny the allegations in this paragraph.

248.    The Virgin Management Defendants deny the allegations in this paragraph.

249.    The Virgin Management Defendants deny the allegations in this paragraph.

250.    The Virgin Management Defendants deny the allegations in this paragraph.

251.    The Virgin Management Defendants deny the allegations in this paragraph.

252.    The Virgin Management Defendants deny the allegations in this paragraph.

253.    The Virgin Management Defendants deny the allegations in this paragraph.

254.    The Virgin Management Defendants deny the allegations in this paragraph.

255.    The Virgin Management Defendants deny the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, the Virgin Management Defendants deny the allegations in that paragraph and deny that any relief is appropriate.

**COUNT IV**
**UNJUST ENRICHMENT**
**(Against VMUSA, VGIL, VGHL, VEL, VCL and Virgin Cruises)**

256.    The Virgin Management Defendants incorporate by reference their response to paragraphs 24 to 208.

257.    The Virgin Management Defendants state that paragraph 257 states a legal conclusion to which no response is required.  To the extent a response is required, the Virgin Management Defendants deny the allegations in this paragraph.

258.    The Virgin Management Defendants deny the allegations in this paragraph.

259.    The Virgin Management Defendants deny the allegations in this paragraph.

260.    The Virgin Management Defendants deny the allegations in this paragraph.

261.    The Virgin Management Defendants deny the allegations in this paragraph.

262.    The Virgin Management Defendants deny the allegations in this paragraph.

263.    The Virgin Management Defendants deny the allegations in this paragraph.

264.    The Virgin Management Defendants deny the allegations in this paragraph.

265.    The Virgin Management Defendants deny the allegations in this paragraph.

266.    The Virgin Management Defendants deny the allegations in this paragraph.

267.    The Virgin Management Defendants deny the allegations in this paragraph.

268.    The Virgin Management Defendants deny the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, the Virgin Management Defendants deny the allegations in that paragraph and deny that any relief is appropriate.

## COUNT V
## UNFAIR COMPETITION
### (Against VMUSA, VGIL, VGHL, and VEL)

269.     The Virgin Management Defendants incorporate by reference their response to paragraphs 24 to 208.

270.     The Virgin Management Defendants deny the allegations in this paragraph.

271.     The Virgin Management Defendants deny the allegations in this paragraph.

272.     The Virgin Management Defendants deny the allegations in this paragraph.

273.     The Virgin Management Defendants deny the allegations in this paragraph.

274.     The Virgin Management Defendants deny the allegations in this paragraph.

275.     The Virgin Management Defendants deny the allegations in this paragraph.

276.     The Virgin Management Defendants deny the allegations in this paragraph.

277.     The Virgin Management Defendants deny the allegations in this paragraph.

278.     The Virgin Management Defendants deny the allegations in this paragraph.

279.     The Virgin Management Defendants deny the allegations in this paragraph.

280.     The Virgin Management Defendants deny the allegations in this paragraph.

281.     The Virgin Management Defendants deny the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, the Virgin Management Defendants deny the allegations in that paragraph and deny that any relief is appropriate.

## COUNT VI
## BREACH OF CONTRACT
### (Against VMUSA, VGIL, VGHL, and VEL)

282.     The Virgin Management Defendants incorporate by reference their response to paragraphs 47 to 208.

283.     The Virgin Management Defendants deny the allegations in this paragraph.

284.    The Virgin Management Defendants deny the allegations in this paragraph.

285.    The Virgin Management Defendants deny the allegations in this paragraph.

286.    The Virgin Management Defendants deny the allegations in this paragraph.

287.    The Virgin Management Defendants deny the allegations in this paragraph.

288.    The Virgin Management Defendants deny the allegations in this paragraph.

289.    The Virgin Management Defendants deny the allegations in this paragraph.

290.    The Virgin Management Defendants deny the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, the Virgin Management Defendants deny the allegations in that paragraph and deny that any relief is appropriate.

## COUNT VII
## BREACH OF PARTNERSHIP AGREEMENT
### (Against VMUSA, VGIL, VGHL, and VEL)

291.    The Virgin Management Defendants incorporate by reference their response to paragraphs 47 to 208.

292.    The Virgin Management Defendants deny the allegations in this paragraph.

293.    The Virgin Management Defendants state that paragraph 293 states a legal conclusion to which no response is required.  To the extent a response is required, the Virgin Management Defendants deny the allegations in this paragraph.

294.    The Virgin Management Defendants deny the allegations in this paragraph.

295.    The Virgin Management Defendants deny the allegations in this paragraph.

296.    The Virgin Management Defendants deny the allegations in this paragraph.

297.    The Virgin Management Defendants deny the allegations in this paragraph.

298.    The Virgin Management Defendants deny the allegations in this paragraph.

299.    The Virgin Management Defendants deny the allegations in this paragraph.

300.    The Virgin Management Defendants deny the allegations in this paragraph.

301.    The Virgin Management Defendants deny the allegations in this paragraph.

302.    The Virgin Management Defendants deny the allegations in this paragraph.

303.    The Virgin Management Defendants deny the allegations in this paragraph.

304.    The Virgin Management Defendants deny the allegations in this paragraph.

305.    The Virgin Management Defendants deny the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, the Virgin Management Defendants deny the allegations in that paragraph and deny that any relief is appropriate.

## COUNT VIII
## BREACH OF JOINT VENTURE AGREEMENT
### (Against VMUSA, VGIL, VGHL, and VEL)

306.    The Virgin Management Defendants incorporate by reference their response to paragraphs 47 to 208.

307.    The Virgin Management Defendants state that paragraph 307 states a legal conclusion to which no response is required.  To the extent a response is required, the Virgin Management Defendants deny the allegations in this paragraph.

308.    The Virgin Management Defendants deny the allegations in this paragraph.

309.    The Virgin Management Defendants deny the allegations in this paragraph.

310.    The Virgin Management Defendants deny the allegations in this paragraph.

311.    The Virgin Management Defendants deny the allegations in this paragraph.

312.    The Virgin Management Defendants deny the allegations in this paragraph.

313.    The Virgin Management Defendants deny the allegations in this paragraph.

314.    The Virgin Management Defendants deny the allegations in this paragraph.

315.    The Virgin Management Defendants deny the allegations in this paragraph.

316.    The Virgin Management Defendants deny the allegations in this paragraph.

317.    The Virgin Management Defendants deny the allegations in this paragraph.

318.    The Virgin Management Defendants deny the allegations in this paragraph.

319.    The Virgin Management Defendants deny the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, the Virgin Management Defendants deny the allegations in that paragraph and deny that any relief is appropriate.

**COUNT IX**
**BREACH OF DUTY OF GOOD FAITH**
**(Against VMUSA, VGIL, VGHL, and VEL)**

320.    The Virgin Management Defendants incorporate by reference their response to paragraphs 47 to 208.

321.    The Virgin Management Defendants deny the allegations in this paragraph.

322.    The Virgin Management Defendants deny the allegations in this paragraph.

323.    The Virgin Management Defendants deny the allegations in this paragraph.

324.    The Virgin Management Defendants deny the allegations in this paragraph.

325.    The Virgin Management Defendants deny the allegations in this paragraph.

In response to the "WHEREFORE" clause in the Second Amended Complaint following this paragraph, which does not include a numbered paragraph, the Virgin Management Defendants deny the allegations in that paragraph and deny that any relief is appropriate.

**DEFENSES AND AFFIRMATION DEFENSES**

The Virgin Management Defendants assert the following defenses and affirmative defenses in response to Plaintiffs' Second Amended Complaint and the counts purportedly stated therein, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below:

## FIRST DEFENSE
### Failure to State a Claim

326.     Plaintiffs' Second Amended Complaint, or one or more claims for relief set forth therein, fails to state a claim against the Virgin Management Defendants upon which relief can be granted.  Specifically, Plaintiffs' claims fail to state a claim against the Virgin Management Defendants upon which relief can be granted for reasons including, but not limited to: (1) Plaintiffs fail to allege an agency relationship between any representatives identified in the Second Amended Complaint and any of VGHL, VGIL, or VEL; (2) Plaintiffs may not seek injunctive relief enforcing the terms of an expired non-disclosure agreement or protecting "trade secrets" or "novel ideas" that have been voluntarily disclosed to the public; (3) Plaintiffs have failed to allege any enforceable agreement, partnership, or joint venture, other than the NDA between Mr. Veitch and VMUSA, between any of Plaintiffs, on the one hand, and any of the Virgin Management Defendants, on the other hand; (4) Plaintiffs have failed to plead the requisite elements for an unjust enrichment or unfair competition claim; and (5) Plaintiffs have failed to plead any protectable trade secret or novel business idea.

## SECOND DEFENSE
### Independent Invention

327.     Plaintiffs' claims for "breach of the NDA" and "misappropriation" (Counts I – III) against the Virgin Management Defendants are barred, in whole or in part, by the doctrine of independent invention.   Specifically, these claims are barred by this doctrine for reasons including, but not limited to, that the Virgin Management Defendants, representatives of Virgin Cruises Limited ("VCL"), representatives of Virgin Cruises Intermediate Limited ("VCIL"), and/or other third-parties who were not affiliated with Plaintiffs independently developed the cruise ship business that VCL and VCIL are currently pursuing, rather than this business being pursued using any protectable "trade secrets" or "novel ideas" of Plaintiffs.

33

### THIRD DEFENSE
### No Trade Secrets or Novel Business Ideas

328.   Plaintiffs' claims for "breach of the NDA" and "misappropriation" (Counts I – III) against the Virgin Management Defendants are barred, in whole or in part, because Plaintiffs' alleged "Confidential Information," "trade secrets" and/or "novel ideas" were readily ascertainable through proper means and/or constitute public information.   Specifically, these claims are barred for reasons including, but not limited to, that Plaintiffs alleged "Confidential Information," "trade secrets" and/or "novel ideas" were: (1) known due to the Virgin Management Defendants' independent research;   (2) known due to the Virgin Management Defendants' discussions with third-parties; (3) consisted of information that was publicly available; (4) consisted largely of self-evident statements regarding industry trends that were widely-known throughout the market; and (5) were disclosed by Plaintiffs to third-parties other than the Virgin Management Defendants without any non-disclosure or other agreements in place preventing those third-parties from disseminating such information to the public at large.

### FOURTH DEFENSE
### Failure to Identify Trade Secrets or Novel Business Ideas

329.   Plaintiffs' claim for "misappropriation" (Count III) against the Virgin Management Defendants is barred, in whole or in part, because Plaintiffs have failed to identify any trade secrets or novel business ideas.   Specifically, this claim is barred for reasons including, but not limited to, that Plaintiffs have not identified any "trade secrets" with reasonably particularity or "novel business ideas" with sufficient specificity to render them concrete.

### FIFTH DEFENSE
### Estoppel / Wavier

330.   Plaintiffs' claims for "breach of the NDA" and "misappropriation" (Counts I – III) against the Virgin Management Defendants are barred, in whole or in part, by the doctrines

of estoppel and/or waiver.  Specifically, Plaintiffs' claims are barred by this doctrine for reasons including, but not limited to, that on information and belief, Plaintiffs were aware of the Virgin Management Defendants' ongoing investment in pursuing a potential cruise business after June 2012, yet Plaintiffs delayed filing suit for an extended period of time while the Virgin Management Defendants continued to make such investments, triggering the estoppel and/or waiver doctrines and barring Plaintiffs' claims.  *See, e.g.*, Exhibit D, Letter from Axelrod to Thompson, attached hereto, at p. 2 ("[Plaintiffs] has every confidence that Virgin Group is capable to develop its own cruise ship project which does not rely in any way upon [Plaintiffs' alleged] Confidential Information that has been previously shared with Virgin Group. Accordingly, to the extent that there is no direct or indirect use of or reliance on [Plaintiffs' alleged] Confidential Information by Virgin Group, there would be no frustration of its efforts.")); *id.* at p. 3 (in June 2012, "Mr. Saverimuttu and Colin [] mutually agreed that at that point there was no way to proceed to reach a mutually acceptable joint venture arrangement and that the best course at that time would be to cease their attempt to work together"); Exhibit E, Letter from Axelrod to Thompson, attached hereto, at p. 1 ("On behalf of our client, we want to ensure that there is no misunderstanding or ambiguity as our client proceeds in the future to pursue plans to establish a new cruise business. Of course, our client desires that the parties will remain on good terms following the unfortunate termination of discussions and activities regarding a long-term cruise line partnership with Virgin Group.").

**SIXTH DEFENSE**
**Laches**

331.   Plaintiffs' claims for "breach of contract," "breach of partnership agreement," "breach of joint venture agreement," and "breach of duty of good faith" (Counts VI – IX) are barred, in whole or in part, by the doctrine of latches.  Specifically, according to Plaintiffs'

Second Amended Complaint, Plaintiffs were aware of the breaches of the purported "agreements" between Plaintiffs, on the one hand, and the Virgin Management Defendants, on the other hand, as early as June 2012, but instead of diligently pursuing their rights, Plaintiffs' inexcusably delayed in bringing suit and, in fact, specifically informed the Virgin Management Defendants that they may independently pursue a cruise line business. *See* Exhibit D, at p. 2 ("[Plaintiffs] has every confidence that Virgin Group is capable to develop its own cruise ship project which does not rely in any way upon [Plaintiffs' alleged] Confidential Information that has been previously shared with Virgin Group. Accordingly, to the extent that there is no direct or indirect use of or reliance on [Plaintiffs' alleged] Confidential Information by Virgin Group, there would be no frustration of its efforts.")). The Virgin Management Defendants have been prejudiced by Plaintiffs' delay in bringing suit, and accordingly Plaintiffs' claims are barred by the doctrine of laches.

**SEVENTH DEFENSE**
**Consent / Ratification**

332.     Plaintiffs' claims for "breach of contract," "breach of partnership agreement," "breach of joint venture agreement," and "breach of duty of good faith" (Counts VI - IX) are barred, in whole or in part, by Plaintiffs' consent and/or ratification of the purported "agreements" between Plaintiffs, on the one hand, and the Virgin Management Defendants, on the other hand. Specifically, even if any such alleged "agreements" existed, Plaintiffs, with knowledge of relevant facts, consented to and/or ratified the Virgin Management Defendants' right to independently pursue a cruise line business following the "termination of discussions and activities" regarding a potential "long-term cruise line partnership" between Plaintiffs and the Virgin Management Defendants. Exhibit E; *see, e.g.*, Exhibit D, at p. 2 ("[Plaintiffs] has every confidence that Virgin Group is capable to develop its own cruise ship project which does not

rely in any way upon [Plaintiffs' alleged] Confidential Information that has been previously shared with Virgin Group. Accordingly, to the extent that there is no direct or indirect use of or reliance on [Plaintiffs' alleged] Confidential Information by Virgin Group, there would be no frustration of its efforts.")  By expressing their intention to accept the cancellation or modification of any alleged "agreements," Plaintiffs claims are now barred.

### EIGHTH DEFENSE
### Unclean Hands

333.   Plaintiffs' claims for "breach of the NDA" and "misappropriation" (Counts I – III) against the Virgin Management Defendants are barred, in whole or in part, by the doctrine of unclean hands.  Specifically, Plaintiffs' claims are barred by this doctrine for reasons including, but not limited to, that (a) on information and belief, Plaintiffs are claiming as their own information or ideas that were, in actuality, taken from a prior employer; and (b) on information and belief, Plaintiffs were subject to non-compete and/or other agreements with prior employers that precluded them from discussing a potential cruise venture with the Virgin Management Defendants.

### NINTH DEFENSE
### No Cognizable Injury

334.   Plaintiffs' Second Amended Complaint, or one or more claims for relief set forth therein, are barred, in whole or in part, because Plaintiffs have not asserted or sustained a legally cognizable injury.  Specifically, Plaintiffs' claims are barred by this doctrine for reasons including, but not limited to, that on information and belief Plaintiffs cannot show any actual damages incurred as a result of the Virgin Management Defendants' conduct, nor can Plaintiffs show that the Virgin Management Defendants have been unjustly enriched as a result of their conduct.

## TENTH DEFENSE
### Speculative and Uncertain Injury

335.    Plaintiffs' Second Amended Complaint, or one or more claims for relief set forth therein, are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and uncertain.  Specifically, Plaintiffs' claims are barred by this doctrine for reasons including, but not limited to, that that on information and belief Plaintiffs cannot show any actual damages incurred as a result of the Virgin Management Defendants' conduct, nor can Plaintiffs show that the Virgin Management Defendants have been unjust enriched as a result of their conduct.

## ELEVENTH DEFENSE
### Setoff of Alleged Damages

336.    To the extent Plaintiffs establish any liability or damages against any of the Virgin Management Defendants, which liability and damages the Virgin Management Defendants deny, the Virgin Management Defendants are entitled to a setoff against any such damages.  Specifically, the Virgin Management Defendants contributed time and effort in connection with their discussions with Plaintiffs regarding a potential cruise line business in 2011 and 2012, and any alleged damages should be offset by the value of these contributions.

## TWELFTH DEFENSE
### Failure to Mitigate Damages

337.    To the extent Plaintiffs establish any liability or damages against any of the Virgin Management Defendants, which liability and damages the Virgin Management Defendants deny, any amounts must be reduced due to Plaintiffs' failure to mitigate damages. Specifically, following the "termination of discussions and activities" regarding a potential "long-term cruise line partnership" between Plaintiffs and the Virgin Management Defendants, Exhibit E, Plaintiffs did not undertake reasonable efforts or expenditures to continue an

independent pursuit of a cruise line venture in order and avoid the damages it seeks through this action.

## THIRTEENTH DEFENSE
### No Irreparable Harm

338.     Plaintiffs' claim for injunctive relief against the Virgin Management Defendants, Count II, is barred because Plaintiffs cannot show that there is no adequate remedy at law. Specifically, Plaintiffs claims is barred by this doctrine for reasons including, but not limited to, that Plaintiffs have not shown that their alleged damages, if any, cannot be redressed monetarily.

## FOURTEENTH DEFENSE
### Statute of Frauds

339.     Plaintiffs' claims for "breach of contract," "breach of partnership agreement," "breach of joint venture agreement," and "breach of duty of good faith" (Counts VI – IX) against the Virgin Management Defendants are barred, in whole or in part, by the statute of frauds. Specifically, by their purported terms as alleged by Plaintiffs, any alleged "Veitch-Virgin," partnership, and/or joint venture "agreements" between Plaintiffs, on the one hand, and any of the Virgin Management Defendants, on the other hand, are subject to the statute of frauds, and are therefore unenforceable given the absence of a signed writing containing the material terms of any such alleged agreement.

## RESERVATION OF RIGHTS

The Virgin Management Defendants reserve the right to raise additional affirmative and other defenses as they are discovered or become available.

## THE VIRGIN MANAGEMENT DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, the Virgin Management Defendants pray that:

a)     The Court enter judgment on Plaintiffs' Second Amended Complaint against Plaintiffs and in favor of the Virgin Management Defendants;

b)      The Court award the Virgin Management Defendants their attorneys' fees, expenses and costs incurred in this action, and any additional just and proper amounts, due to Plaintiffs' bad faith pursuit of a claim for misappropriation under the Florida Uniform Trade Secret Statute, Fla. Stat. § 688.005;

c)      The Court award the Virgin Management Defendants their attorneys' fees, expenses and costs incurred in this action, and any additional just and proper amounts, as a prevailing party on Plaintiffs' claim for misappropriation under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2105;

d)      The Court award the Virgin Management Defendants their attorneys' fees, expenses and costs incurred in this action, and any additional just and proper amounts, due to Plaintiffs unreasonable and vexatious actions in pursuing this meritless suit pursuant to 28 U.S.C. § 1927; and

e)      The Court award the Virgin Management Defendants their costs pursuant to 28 U.S.C. § 1920, or pursuant to any other applicable statute, and

f)      The Court award the Virgin Management Defendants such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Virgin Management Defendants demand trial by jury on all claims so triable.

DATED:  October 30, 2015

*s/ Janet T. Munn*
Janet T. Munn, Fla. Bar No. 501281
Email:  jmunn@rascoklock.com
Rasco Klock Perez & Nieto, P.L.
2555 Ponce de Leon, Suite 600
Coral Gables, FL  33134
Telephone:  305.476.7101
Telecopy:  305.476.7102

*AND*

40

*s/ Claude M. Stern*
Claude M. Stern*
Email:  claudestern@quinnemanuel.com
Evette D. Pennypacker*
Email:  evettepennypacker@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, Suite 500
Redwood Shores, CA  94065
Telephone:  650.801.5000
Telecopy:  650.801.5100

Marc Greenwald*
Email:  marcgreenwald@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
50 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  212.849.7000
Telecopy:  212.849.7100

*Counsel for Defendants Virgin Management
USA, Inc., Virgin Group Investments Ltd.,
Virgin Group Holdings Limited, and Virgin
Enterprises Limited*

*\* Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically. Notices of Electronic Filing:

Jeffrey W. Gutchess, Esq.
Fla. Bar No.: 702641
jgutchess@bilzin.com
Daniel Tropin, Esq.
Fla. Bar No.: 100424
dtropin@bilzin.com
Brandon Rose, Esq.
Fla. Bar No.: 99984
brose@bilzin.com
eservice@bilzin.com
margote@bilzin.com
Bilzin Sumberg Baena
Price & Axelrod LLP
1450 Brickell Avenue, 23rd Floor
Telephone: 305.350.7312
Facsimile: 305.351.2132

*Counsel for Plaintiffs*

Dale M. Cendali*
Email: dale.cendali@kirkland.com
Johanna Schmitt*
Email: johanna.schmitt@kirkland.com
Phillip A. L. Hill*
Email: phil.hill@kirkland.com
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-6460

P. Daniel Bond*
Email:  daniel.bond@kirkland.com
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Admitted Pro Hac Vice*

*Counsel for Virgin Cruises Intermediate Limited*
*and Virgin Cruises Limited*


By: *s/ Janet T. Munn*
     Janet T. Munn